UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v.-

LORENZO RIVERA,

        Defendant.

13 Cr. 438 (KPF)

**Government's Sentencing Submission**

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Russell Capone
Assistant United States Attorney
    *Of Counsel*



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 10, 2013

**By ECF**

Honorable Katherine P. Failla
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: United States v. Lorenzo Rivera, 13 Cr. 438 (KPF)

Dear Judge Failla:

The Government writes in connection with the sentencing of defendant Lorenzo Rivera (the "defendant" or "Rivera"), scheduled to take place on January 16, 2014. In particular, we address the defendant's role in the offense and culpability relative to the many other defendants charged in this heroin trafficking case. As suggested herein, the Government believes that a sentence at the bottom of the applicable Guidelines range of 46 to 57 months is reasonable and not greater than necessary to achieve the purposes of sentencing.

**The Offense**

As reflected in the PSR, this case involves a drug organization that trafficked significant quantities of heroin in the New York City area in 2013. (PSR ¶¶ 9-14.) In connection with the investigation into that organization, law enforcement intercepted cellphone calls over a cellphone used by co-defendant Roberto Carlos De Jesus. Based on calls intercepted over the wire on or about May 12, 2013 and surveillance conducted in connection therewith, law enforcement determined that De Jesus and his associates would be preparing packages of heroin for redistribution at an apartment in the Bronx that day (the "Apartment"). (PSR ¶¶ 15-16.)

That afternoon, agents entered the Apartment and secured it as a search warrant was obtained. As agents entered the Apartment, a number of individuals began running to a bedroom in the Apartment, where they attempted to flee through a window containing a fire escape. (PSR ¶ 17.) The defendant and several of his co-defendants were apprehended in that process. (Id.) During the subsequent search of the Apartment, agents recovered multiple packages of heroin, packaging materials, coffee grinders used to grind the heroin, loose heroin that had not yet been packaged, and glassine envelopes. (Id.) In other words, law enforcement had disrupted an active heroin mill.

The defendant was arrested and agreed to answer questions following the administration of his Miranda rights. (PSR ¶ 18.) Rivera stated that he had gone to the Apartment to package heroin that day, and that he had done so in the past for $300. (Id.)

As reflected in the discovery produced in this case, the amount of heroin seized at the Apartment on May 12, 2013 alone was approximately half of a kilogram of heroin.

**The Plea and Plea Agreement**

On October 16, 2013, pursuant to a plea agreement with the Government, the defendant pleaded guilty to Count One of the Indictment, charging him with conspiracy to distribute heroin. (PSR ¶¶ 2, 5.)  Although Count One charged a conspiracy to violate Title 21, United States Code, Section 841(b)(1)(A), the parties agreed to and the Court accepted a plea to a conspiracy to violate Title 21, United States Code, Section 841(b)(1)(C), i.e., a provision that does not carry a mandatory minimum sentence.

In the plea agreement, the parties stipulated that the base offense level is 28 pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(c)(6), because the amount of heroin involved was between 400 and 700 grams.  Pursuant to U.S.S.G. § 3B1.2(b), because the defendant was a minor participant in the offense, a two level reduction is warranted.  After taking into account acceptance of responsibility points, the overall offense level is 23.  Because the defendant's Criminal History Category is I, the applicable Guidelines range is 46 to 57 months' imprisonment.  (PSR ¶ 6.)

The Probation Department has calculated the same Guidelines range, and recommends a sentence of 24 months' imprisonment.  (PSR at 16.)

**Argument**

A sentence at the bottom of the applicable Guidelines range, i.e. at or around 46 months, is sufficient but no greater than necessary to achieve the goals of sentencing, and principally the need to provide just punishment, promote respect for the law, and foster deterrence.

The defendant was at a low level relative to most of his co-defendants, although, unlike some of them, had based on his own admissions been involved in processing heroin before. Further, the amount of heroin at issue on the day of the defendant's arrest alone was significant. Being involved in the distribution of half a kilogram of heroin – typically sufficient to trigger a mandatory minimum sentence – is a grave offense at whatever level.  A sentence at the low end of the Guidelines –less than four years' imprisonment – will suffice to appropriately reflect the seriousness of the crime, punish the defendant and promote respect for the law.

This is particularly so given that heroin is a highly addictive and destructive substance that is again becoming increasingly prevalent in this district and elsewhere around the nation, destroying lives and communities.  Stern sentences in this case are necessary to send the general deterrent message that being involved in the distribution of heroin, at whatever level, will lead to significant punitive consequences.  It will also provide a necessary specific deterrent to this defendant, who was willing to engage in serious criminal conduct for little more than a few hundred bucks' incentive.

To be sure, the defendant's role was near the bottom of the charged conspiracy.  The relevant calculation reached by the plea agreement already captures this, however, by eliminating

any mandatory minimum and by according the defendant a reduction based on his minor role. Even a minor participant in an organization that trafficks in large quantities of highly addictive controlled substances, however, is deserving of significant consequences to reflect the seriousness of the crime, provide just punishment, and promote respect for the law.

**Conclusion**

For the foregoing reasons, the Government submits that a sentence at the bottom of the Guidelines range of 46 to 57 months is sufficient but not greater than necessary to meet the purposes of sentencing.

Respectfully submitted,
PREET BHARARA

By: s/ Russell Capone
Russell Capone
Assistant U.S. Attorney
(212) 637-2247

cc: Jason Foy, Esq. (by ECF)